UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE MOHAMAD HADLA,
        Debtor.
_____/

FATME HADLA, ALI M. HADLA,         Case No. 17-11801
HOUDA HADLA, and FADI HADLA,
                                                    Paul D. Borman
        Defendants/Appellants,        United States District Judge

v.                                                     Mark Randon
                                                    United States Bankruptcy Judge
MARK H. SHAPIRO,

        Plaintiff/Appellee.

_____/

## OPINION AND ORDER DENYING MOTION TO WITHDRAW THE REFERENCE, WITHOUT PREJUDICE

This case stems from a voluntary bankruptcy proceeding filed by Mohamad Hadla ("**Debtor**"), in the course of which Debtor's bankruptcy trustee, Mark H. Shapiro ("**Plaintiff**") initiated an adversary proceeding seeking to avoid transfers of Debtor's property that were made in 2013.

The matter is presently before the Court on a Motion to Withdraw the Reference filed by Fatme Hadla, Ali M. Hadla, Houda Hadla, and Fadi Hadla (collectively, "**Defendants**"). (ECF No. 1.) Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter.

Accordingly, the Court will decide the matter on the pleadings. *See* E.D. Mich. LR 7.1(f)(2). For the reasons articulated below, the Court will deny Defendants Hadlas' Motion without prejudice.

## I. BACKGROUND

On March 15, 2010, Debtor Mohamad Hadla purchased a residence located at 7920 Kentucky Street in Dearborn, Michigan. (ECF No. 3, Pl.'s Objs. Ex. A.) On December 13, 2010, Debtor acquired title to real property at 6525 Orchard Avenue in Dearborn, Michigan. (Pl.'s Objs. Ex. C.)

On January 15, 2013, Debtor executed a Quit Claim Deed transferring the Kentucky Street property from "Mohamad Hadla, a married man" to "Mohamad Hadla and Fatme Hadla[,] husband and wife[.]" (Pl.'s Objs. Ex. B.) On the same day, Debtor executed another Quit Claim Deed transferring the Orchard Avenue property from "Mohamad Hadla, a single man" to Ali M. Hadla. (Pl.'s Objs. Ex. D.) Then on February 12, 2013, Houda Hadla and Fadi Hadla were added to the title of the Orchard Avenue property. (Pl.'s Objs. Ex. E.) On June 2, 2015, the Orchard Avenue property was sold for $105,128.24. (Pl.'s Objs. Ex. F.)

Debtor filed for Chapter 7 bankruptcy on August 26, 2016. (*In re Hadla*, Case No. 16-51887-mar, ECF No. 1, Voluntary Petition (Chapter 7).) On May 9, 2017, Plaintiff filed an adversary proceeding seeking to avoid the transfers described above as fraudulent, and to recover the properties or the value of the

properties for the benefit of the bankruptcy estate. (*In re Hadla*, Case No. 17-04355-mar, ECF No. 1.) Defendants filed an answer on June 7, 2017. (*In re Hadla*, Case No. 17-04355-mar, ECF No. 11.)

One day before filing their answer, Defendants filed the instant Motion to Withdraw the Reference before this Court. (ECF No. 1, Defs.' Mot.) The asserted basis for the instant Motion is that while Defendants have a Seventh Amendment right to a jury trial in the adversary proceeding, they refuse to consent to a jury trial in the Bankruptcy Court. (Defs.' Mot. at 11-12, Pg ID 11-12.) Plaintiff filed an Objection to the Motion two days later, on June 8, 2017. (ECF No. 3, Pl.'s Objs.)

On July 6, 2017, Plaintiff filed a motion for summary judgment in the adversary proceeding. (*In re Hadla*, Case No. 17-04355-mar, ECF No. 14.)

## II. LEGAL STANDARDS

A federal district court has original, but not exclusive, jurisdiction over bankruptcy cases and "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). However, "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The Eastern District of Michigan's Local Rules do exactly that, providing that:

> [u]nless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges. The court intends to give bankruptcy judges the broadest possible authority to administer cases and proceedings properly within their jurisdiction.

E.D. Mich. L.R. 83.50(a)(1).

Once a case is referred, 28 U.S.C. § 157(b)(1) "vests full judicial power in bankruptcy courts over 'core proceedings arising under title 11, or arising in a case under title 11.'" *In re Cmty. Mem'l Hosp.*, 532 B.R. 898, 901 (E.D. Mich. 2015) (quoting *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co., Inc.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1144 (6th Cir. 1991)). Withdrawal of such a proceeding by the district court may be permissive or mandatory. The district court "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). On the other hand, the district court *must* "withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," upon a timely motion of a party. *Id.*

District Courts have "broad discretion" in deciding whether permissive withdrawal is warranted "for cause shown." *In re Romanzi*, No. 16-CV-14265, 2017 WL 1148921, at *2 (E.D. Mich. Mar. 28, 2017) (quoting *In re Millennium*

*Studios, Inc.*, 286 B.R. 300, 303 (D. Md. 2002)). "Section 157(d) does not define 'for cause shown' for the purpose of withdrawing a reference to a bankruptcy court." *In re Cmty. Mem'l Hosp.*, 532 B.R. at 902 (citing *Mathson Indus., Inc. v. Negri Bossi USA, Inc. (In re Mathson Indus., Inc.)*, 408 B.R. 888, 891 (E.D. Mich. 2009)). District courts have considered the following factors when determining whether there is sufficient "cause" to withdraw a reference: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." *In re Cmty. Mem'l Hosp.*, 532 B.R. at 902 (quoting *In re Mathson Indus., Inc.*, 408 B.R. at 891).

### III. DISCUSSION

In this case, Defendants have not indicated whether they seek mandatory or permissive withdrawal via the instant Motion, but because the adversary proceeding does not appear to "require[] consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce," 28 U.S.C. § 157(d), the Court will construe Defendants' Motion as seeking permissive withdrawal only. On that reading of the instant Motion, the Court determines that cause has not been shown at this time for permissive withdrawal of the reference under 28 U.S.C. § 157(d).

The considerations identified in *In re Cmty. Mem'l Hosp.* that are relevant to this case weigh in favor of that conclusion. Three of those considerations—the delay and costs to the parties, the promotion of uniform bankruptcy law administration, and the prevention of forum shopping—are not clearly implicated here at all. Meanwhile, each of the other three factors favors a finding that there is not cause at the present moment for permissive withdrawal. Whether the claim is a core or non-core determination, for one, is readily answered by federal statutory law, which expressly identifies "proceedings to determine, avoid, or recover fraudulent conveyances" as core proceedings. *See* 28 U.S.C. § 157(b)(2)(H).

Moreover, the efficiency of the use of judicial resources would be better served at this time by a decision by this Court not to withdraw the reference. As Plaintiff points out, there are matters currently pending before the Bankruptcy Court that are closely related to the issues raised in this adversary proceeding, including objections to Debtor's claimed exemption in the Kentucky Street property. (*In re Hadla*, Case No. 16-51887-mar, ECF No. 59, Trustee's Objection to Debtor's Exemptions and Motion to Compel Turn Over of Non-Exempt Property.) Additionally, withdrawing the reference now could make for unnecessary expenditure of judicial resources in a more general sense, as it would very likely require efforts by this Court that would be duplicative of efforts that can be or have already been made by the Bankruptcy Court. It has been recognized

that there is substantial benefit in delegating the administration of pretrial matters in cases like this to the sound discretion of the Bankruptcy Court, subject to this Court's review. *See Romanzi*, 2017 WL 1148921, at *4 ("This Court frequently benefits from the thorough review and recommendations made by Magistrate Judges; a recommendation from the Bankruptcy Court, subject to review and ruling by this Court, could provide just as much of a benefit.").

The final consideration—"other related factors"—implicates the central issue in the instant Motion, and indeed the only basis that Defendants have asserted for withdrawal of the reference. Defendants contend that they are entitled to a trial by jury under the Seventh Amendment. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 36 (1989) (holding that under the Seventh Amendment, "a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer . . . notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. § 157(b)(2)(H)"). And because they refuse to consent to a jury trial in the Bankruptcy Court, Defendants argue, permissive withdrawal of the proceeding by this Court is warranted.

Assuming that Defendants do have a Seventh Amendment right to a jury trial under *Granfinanciera*, the Court still concludes that withdrawal of the reference would be premature at this stage. Because the other relevant permissive-

7

withdrawal factors favor the denial of Defendants' Motion to Withdraw the Reference, and because Defendants have identified no other reason for this Court to do otherwise, the issue before this Court is simply whether Defendants' refusal to consent to a jury trial before the Bankruptcy Court is enough by itself to justify permissive withdrawal. Another district court in the Eastern District of Michigan recently addressed this issue, and found that in view of case law in this District, that fact alone does not provide sufficient cause for permissive withdrawal:

> At least one case in this District has found that being entitled to a jury trial constitutes cause for withdrawing a reference. *See In re Skyline Concrete Floor Corp.*, 410 B.R. 564, 567 (E.D. Mich. 2008). However, multiple more recent cases in this District have found that a demand for a jury trial is an insufficient cause for discretionary withdrawal if the motion is made at an early stage of the proceedings and dispositive motions—pending before the bankruptcy court—may resolve the matter prior to a trial. *See, e.g.*, *In re Cmty. Mem'l Hosp.*, 532 B.R. [at 905–06]; *In re Energy Conversion Devices, Inc.*, No. 12-12653, 2012 WL 5383165, at *2 (E.D. Mich. Oct. 26, 2012) ("noting "the standard practice of this Court, and of others in this District, is to 'permit[ ] the Bankruptcy Judge to manage the pre-trial phase of the litigation, with this Court revisiting the matter of withdrawal if and when the case is ready for trial.' "); *Official Comm. of Unsecured ex rel. Estate of Greektown Holdings, LLC v. Papas*, Nos. 10–cv–12628, 10–cv–12742, 10–cv–12774, 2010 WL 4807067, at *2 (E.D. Mich. Nov. 18, 2010) ("Generally, the Courts of this District have denied withdrawing the reference until the case is ready for trial.") (collecting cases).

*Romanzi*, 2017 WL 1148921, at *4.

8

This Court finds the analysis in *Romanzi* persuasive, and notes that the facts central to that court's decision are also present in this case: the instant Motion was made at an early stage of the adversary proceeding, and Plaintiff has filed a summary judgment motion in that proceeding. Thus, like the court in *Romanzi*, this Court "concludes that withdrawal of reference is not ripe for consideration based on the early stage of these proceedings and Appellee's pending motion for summary judgment before the bankruptcy court. . . . Should the matter proceed toward trial, the Court will entertain a renewed motion to withdraw at that juncture." *Romanzi*, 2017 WL 1148921, at *5.

### IV. CONCLUSION

For the reasons stated above, the Court hereby DENIES, WITHOUT PREJUDICE, Defendants' Motion to Withdraw the Reference.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: August 3, 2017

#### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 3, 2017.

s/D. Tofil
Deborah Tofil, Case Manager